NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-4267
_____


STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
STATE FARM FIRE & CASUALTY INSURANCE COMPANY

v.

MIDTOWN MEDICAL CENTER, INC; RONALD NESTEL;
SIMON FISHMAN; FRANK SOLOMON, D.C.; PAUL BOVE, D.C.;
PHYSICIANS MANAGMENT COMPANY, INC;
TABOR CHIROPRACTIC CENTER, P.C.,

Simon Fishman,
Appellant
(Pursuant to Fed. R. App. P 12(a))


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-02-cv-07389)
District Judge:  Hon. Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed: September 13, 2011)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Samuel Fishman, Esquire, appeals from the District Court's order denying his post-judgment motion for an evidentiary hearing on the Court's previously entered sanctions award against him in the amount of $50,000. We will affirm.

**I.**

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Insurance Company (collectively, "State Farm"), brought various state and federal claims against three corporations, Fishman's father, and other individuals, based on an alleged scheme of systematic fraudulent medical billing and medical documentation. The District Court denied State Farm's motion to join Fishman and his law firm, Samuel Fishman, P.C., as defendants. The jury returned a verdict in favor of State Farm, and the parties thereafter engaged in post-trial asset discovery.

Before final judgment was entered in the underlying case, State Farm moved for sanctions against Fishman for his numerous dilatory acts throughout the course of the proceedings. In its motion, State Farm emphasized that the trial evidence demonstrated that Fishman was involved in the defendants' fraudulent scheme and that Fishman failed to appear at trial despite having been duly subpoenaed. State Farm also noted that Fishman failed to appear for a scheduled post-verdict deposition, that he refused to answer certain questions after the Court ordered him to appear, and that he failed to respond to State Farm's numerous letters regarding rescheduling after the Court ordered him to appear for his continued deposition. State Farm requested that the Court sanction Fishman in the amount of $50,000 for failing to comply with the Court's order, made

2

payable to State Farm's counsel. State Farm also requested that Fishman appear for his continued deposition, and that the Court hold Fishman in contempt of court until he appears. The District Court granted the motion as unopposed. *See* E.D. Pa. Loc. R. Civ. P. 7.1(c).

Fishman timely moved for reconsideration, arguing that his response to State Farm's motion for sanctions mistakenly had not been entered onto the docket. Shortly thereafter, the Court disposed of the parties' post-trial motions in the underlying case, thereby rendering its previously entered judgment final. The Court then denied Fishman's motion for reconsideration.[1] Over two years later, Fishman moved the Court to "vacate its [sanctions award] in respect of the quantum of the sanction awarded and require evidentiary submissions and a hearing on the quantum of the sanction requested by [State Farm]." App. at 891. The Court denied the motion and this appeal followed.

## II.

The District Court had jurisdiction over the underlying case under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. *See Gen. Ins. Co. of Am. v. E. Consol. Utils., Inc.*, 126 F.3d 215, 218 (3d Cir. 1997). Fishman's motion for an evidentiary hearing is akin to a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b)(6). We review a district court's denial of relief under Rule 60(b) for

---

[1] Fishman appealed to this court from the District Court's order denying his motion for reconsideration, and we dismissed for lack of jurisdiction. Fishman subsequently filed a motion to reopen the appeal, which we denied.

3

an abuse of discretion.[2] *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 269 (3d Cir. 2002). Relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (quotation omitted).

### III.

The District Court considered and rejected Fishman's motion for a hearing on its merits, stating in a footnote that Fishman's contemptuous noncompliance with Court orders throughout the course of the proceedings warranted the sanctions award and obviated the need for an evidentiary hearing. *See* Fed. R. Civ. P. 37(b)(1), (2)(vii) (permitting court to treat the failure to obey order as contempt). The Court stated:

> An evidentiary hearing was not required for the Court to determine the nature and amount of sanctions to impose. Fishman failed to comply with the Court's order to appear for continued deposition. The Court finds that this conduct was willful and part of a repetitive pattern of dilatory conduct designed to frustrate post-judgment asset discovery in this matter. Furthermore, the Court has already addressed and denied Fishman's motion for reconsideration of the same exact issue two years ago.

*State Farm Mut. Auto. Ins. Co. v. Midtown Med. Ctr.*, No. 02-7389, slip op. at 2 n.1 (E.D. Pa. Oct. 26, 2010).

The imposition of monetary sanctions implicates fundamental notions of due process and requires "'fair notice and an opportunity for a hearing on the record,'" but it does not necessarily require an evidentiary hearing. *Rogal v. Am. Broad. Cos., Inc.*, 74

---

[2] Retreating from the arguments made in his opening brief with respect to the propriety of the Court's underlying orders granting the sanctions award and denying Fishman's motion for reconsideration, Fishman specifies in his reply brief that on appeal he challenges only the Court's order denying his motion for an evidentiary hearing.

F.3d 40, 44 (3d Cir. 1996) (quoting *Roadway Express. Inc. v. Piper*, 447 U.S. 752, 767 (1980)). "' [A] district court in the sound exercise of its discretion must identify and determine the legal basis for each sanction charge sought to be imposed, and whether its further resolution requires further proceedings, including the need for an evidentiary hearing.'" *Id.* (quoting *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)).

After carefully considering the record, we conclude that the District Court did not err in concluding that it did not need to hold an adversarial, evidentiary hearing to determine the appropriateness of the requested sanction. The Court therefore did not abuse its discretion in denying Fishman's motion for a hearing.

Accordingly, we will affirm the District Court's judgment.